**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF OMAHA POLICE AND FIREFIGHTERS RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COGNYTE SOFTWARE LTD, ELAD SHARON, AND DAVID ABADI,<br><br>Defendants. | Civil Action No. 1:23-cv-01769-LGS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY CITY OF OMAHA POLICE AND FIREFIGHTERS RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ........................................................................................................................ 2

I.     OMAHA P+F IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF ................................................... 2

       A.     Omaha P+F Filed a Timely Motion ............................................................. 3

       B.     Omaha P+F Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................... 4

       C.     Omaha P+F Satisfies Rule 23 ...................................................................... 5

II.     Omaha P+F'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ....................................................................................................... 6

CONCLUSION .................................................................................................................... 8

i

## TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*Constance Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ......................................................................................6

*In re NYSE Specialists Sec. Litig.*,
    240 F.R.D. 128 (S.D.N.Y. 2007) ......................................................................................3

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ...............................................................................3, 5, 6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................4

*Peters v. Jinkosolar Holding Co., Ltd.*,
    No. 11 Civ. 7133, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ....................................4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ..................................................................................1, 6

*Taft v. Ackermans*,
    No. 02 Civ. 7951, 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) ....................................5

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015)................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................4, 5

STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 23 ....................................................................................................................1, 3, 5, 6
    Rule 10b-5............................................................................................................................1

15 U.S.C.

§78j(b) and ..................................................................................................................................1
§78t(a)1 ......................................................................................................................................1
§78u-4(a)(1) ...............................................................................................................................2
§78u-4(a)(3)(A)(i)....................................................................................................................2, 3
§78u-4(a)(3)(A)(i)(II)-(B)(iii)(I)..................................................................................................2
§78u-4(a)(3)(B) ..........................................................................................................................1
§78u-4(a)(3)(B)(i) ....................................................................................................................1, 3
§78u-4(a)(3)(B)(iii)......................................................................................................................5
§78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ...............................................................................................1, 3
§78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................................4
§78u-4(a)(3)(B)(v) .......................................................................................................................6

17 C.F.R.

§240.10b-5 ..................................................................................................................................1

Plaintiff and Lead Plaintiff movant City of Omaha Police and Firefighters Retirement System ("Omaha P+F" or "Movant"), on behalf of itself and all others similarly situated, respectfully submits this Memorandum of Law in support of its Motion to: (1) appoint Omaha P+F as Lead Plaintiff of the above-captioned securities class action; (2) approve Omaha P+F's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) grant such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of all purchasers of Cognyte Software Ltd ("Cognyte" or the "Company") common stock between February 2, 2021 and June 28, 2022, inclusive (the "Class Period"). The action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2] Omaha P+F is the most adequate plaintiff because it timely moved to be lead plaintiff, has the largest financial interest in the litigation (approximately $1.65 million in recoverable losses), and satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

---

[1]    Defined terms have the same definitions as in the complaint filed in this action on March 1, 2023 (the "Complaint"). ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

[2]    Unless otherwise indicated, citations are omitted.

For the reasons summarized herein and discussed more fully below, Omaha P+F's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

Plaintiff Omaha P+F filed this securities class action on March 1, 2023, against Cognyte and certain of its officers. ECF No. 1. Cognyte is an Israel-based security analytics software company, and its common stock trades on the NASDAQ under the ticker CGNT. ¶2. This action alleges Cognyte and the other defendants made misleading statements and omissions during the Class Period that concealed the fact that Cognyte's business practices violated Meta Platforms Inc.'s ("Meta") community standards and terms of services, in violation of U.S. securities laws. ¶¶1-3, 14-16. As a result of these misleading statements, Cognyte's common stock traded at inflated prices during the Class Period, until the truth was revealed in a series of statements to the market, thereby causing significant losses and damages to Omaha P+F and the other Class members. ¶¶17-25.

## ARGUMENT

I.   **OMAHA P+F IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

2

Finally, "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44. The Rule 23 element of the presumption necessitates only a "'preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'" *Id.* at 344. Second, so long as the presumption is not rebutted, the "most adequate plaintiff" shall be appointed the lead plaintiff. *Id.* As demonstrated below, Omaha P+F meets these requirements and should be appointed to serve as Lead Plaintiff.

### A.    Omaha P+F Filed a Timely Motion

On March 1, 2023, the same day this action was filed, a notice of pendency of the action was published on *AccessWire*, a national newswire service. *See* Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support hereof, Ex. 1. The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met. The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment within 60 days of publication of the Early Notice (*i.e.*, by May 1, 2023). *See id.*

Omaha P+F's motion for appointment as Lead Plaintiff is therefore timely filed. Moreover, Omaha P+F submitted a certification stating its willingness to serve as a representative party on

behalf of the Class and providing its Class Period transactions when it filed the Complaint. *See* ECF No. 1-1.

**B.      Omaha P+F Has the Largest Financial Interest in the Relief Sought by the Class**

To its knowledge, Omaha P+F is the lead plaintiff movant with the largest financial interest in the relief sought by the Class. "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . .; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.'" *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by its PSLRA certification and charts detailing transactions and losses, Omaha P+F purchased Cognyte common stock during the Class Period and suffered losses as a result of Defendants' misconduct. *See* ECF No. 1-1. Specifically, Omaha P+F suffered losses of approximately $1.65 million. Laughlin Decl., Ex. 2. As to the other factors courts look to, Omaha P+F purchased 104,330 total shares of Cognyte during the Class Period, retained 93,745 shares as of the end of the Class Period, and expended $2.375 million during the Class Period. *Id.*

Omaha P+F thus has a significant financial interest in this case. Moreover, Omaha P+F is unaware of any other movant that has sustained greater financial losses in connection with their Cognyte transactions during the Class Period. Therefore, Omaha P+F has the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C.   Omaha P+F Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at (B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "'preliminary.'" *Tronox*, 262 F.R.D. at 344. Omaha P+F easily makes this preliminary showing.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (internal quotations omitted). Here, the claims asserted by Omaha P+F are typical of the claims of the other members of the putative Class because, like all other Class members, it: (a) purchased or otherwise acquired Cognyte common stock during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof. Since Omaha P+F's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied. *See similarly Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the plaintiff's

attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Tronox*, 262 F.R.D. at 343.  Omaha P+F is "adequate" to serve as class representative in the instant litigation because its interests are aligned with the interests of the putative Class.  Omaha P+F, like all other members of the Class, suffered losses as a result of purchasing Cognyte common stock at prices that were artificially inflated due to Defendants' alleged misstatements.  Omaha P+F will, therefore, benefit from the same relief as other Class members.  Omaha P+F has also demonstrated that it is an adequate representative by retaining competent and experienced counsel.  *See LaBranche*, 229 F.R.D. at 413 (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same).  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Omaha P+F has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

## II.    OMAHA P+F'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id*. at (B)(iii)(II)(aa).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Omaha P+F has selected the law firm of Scott+Scott to represent the Class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Laughlin Decl., Ex. 3.  Specifically,

Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case.  Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class.  Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

Scott+Scott is also currently serving as lead or co-lead counsel in securities fraud class actions in this Court and across the country.  *See Pompano Beach Police and Firefighters Retirement System v. Olo Inc.*, No. 22-cv-8228 (S.D.N.Y) (appointed lead counsel); *Jochims v. Oatly Group AB*, No. 22-cv-6360 (S.D.N.Y.) (appointed lead counsel); *Zhou v. NextCure, Inc.*, No. 20-cv-7772 (S.D.N.Y.) (appointed lead counsel); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-

---

[3]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

6750 (N.D. Cal.); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936 (N.D. Cal.); *City of Birmingham Relief and Retirement System v. Acadia Pharmaceuticals Inc.*, No. 21-cv-762 (S.D. Cal.); *Golubowski v. Robinhood Markets*, No. 21-cv-9767 (N.D. Cal.); *Strezsak v. Ardelyx Inc.*, No. 21-cv-5868 (N.D. Cal.).

In light of the foregoing, the Court should approve Omaha P+F's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Omaha P+F respectfully requests that the Court: (1) appoint Omaha P+F as Lead Plaintiff on behalf of the Class; (2) approve Omaha P+F's selection of counsel, Scott+Scott, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  May 1, 2023

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Donald A. Broggi
Rhiana L. Swartz
Jonathan Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant City of Omaha Police and Firefighters Retirement System and Proposed Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
