# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| ZWICK PARTNERS, LP and APARNA RAO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUORUM HEALTH CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, W. LARRY CASH, THOMAS D. MILLER, and MICHAEL J. CULOTTA,<br><br>Defendants. | No. 3:16-cv-02475<br>Class Action<br><br>Honorable Waverly D. Crenshaw Jr.<br>Magistrate Judge Alistair Newbern |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING**

**TO:**   **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED QUORUM HEALTH CORPORATION ("QUORUM") COMMON STOCK DURING THE PERIOD FROM MAY 2, 2016 TO AUGUST 10, 2016, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PERSONS AND ENTITIES THAT ACQUIRED QUORUM COMMON STOCK IN THE SPIN-OFF FROM COMMUNITY HEALTH SYSTEMS, INC. ("CHSI") DURING THE CLASS PERIOD MAY BE MEMBERS OF THE CLASS.**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF QUORUM AND CHSI AND THEIR FAMILIES AND AFFILIATES.**

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

1.   **Class Recovery:** This Notice has been sent to you pursuant to an Order of the United States District Court, Middle District of Tennessee (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $18,000,000.00. Plaintiff estimates there were approximately 30 million allegedly damaged shares of Quorum common stock purchased or otherwise acquired during the Class Period. Pursuant to the Plan of Allocation (*see* Section III herein), if all affected Quorum shares elect to participate in the Settlement, the average recovery per share could be $0.60 before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to Members of the Class who participate in the Settlement may be more or less than this figure.

2.   **Potential Outcome of the Case:** Plaintiff and Defendants disagree on both liability and damages and do not agree on the average amount of damages per share, if any, that would be recoverable if the Class prevailed on any claim alleged. Plaintiff and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per share, if any, Plaintiff would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Plaintiff.

3.   **Reasons for Settlement:** Plaintiff believes that the proposed Settlement is fair, reasonable, and adequate to, and in the best interests of, the Class. Plaintiff and its counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiff's claims against Defendants, including the Defendants' contentions that the Class's Claims are without merit, the uncertainties of this complex litigation, and the concrete benefits provided by the Settlement to the Members of the Class. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to agree to make the payment provided for

by the Stipulation[1] provided that all of the Claims of the Class are settled and compromised, in order to eliminate the uncertainty, risks, costs, and burdens inherent in any litigation, especially in complex cases like this litigation. Defendants have concluded that continuing to defend this Action would be expensive and protracted. Defendants have denied and continue to deny each and all of the Claims alleged by Plaintiff in this Action. Defendants have denied and continue to deny all charges of wrongdoing and liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiff or the Class has suffered any damage, or that Plaintiff or the Class was harmed by the conduct alleged in this Action.

4. **Attorneys' Fees and Costs Sought:** Class Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiff and the Members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount, and reimbursement of expenses not to exceed $2,000,000.00. If the amount requested by Class Counsel is approved by the Court, the average cost would be $0.25 per share. In addition, a Compensatory Award for the time and expenses incurred by Class Representative will be sought, not to exceed $35,000.00.

5. **Identification of Class Counsel:** For further information regarding this Settlement please contact Class Counsel: Michael J. Wernke, Pomerantz LLP, 600 Third Avenue, 20th Floor; New York, NY 10016; mjwernke@pomlaw.com.

## I.    The Class Involved in the Proposed Settlement

The proposed Settlement affects the rights of the Members of the Class. The Class consists of:

> All persons and entities who purchased or otherwise acquired Quorum Health Corporation common stock between May 2, 2016 and August 10, 2016, both dates inclusive.

Persons and entities that acquired Quorum common stock in the spin-off from CHSI during the Class Period may be Members of the Class.

Excluded from the Class are Defendants, current and former officers and directors of Quorum and CHSI, and their families and affiliates.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.    The Litigation

### Summary of the Litigation

The Court handling this Action is the United States District Court for the Middle District of Tennessee, and the case is known as *Rao v. Quorum Health Corporation, et al.,* No. 3:16-cv-02475 (M.D. Tenn.). The Court appointed Lead Plaintiff and Class Representative Zwick Partners, LP ("Plaintiff" or "Class Representative") to represent the Class. The Defendants in this Action are Quorum, CHSI, Wayne T. Smith, W. Larry Cash, Thomas D. Miller, and Michael J. Culotta.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

Quorum is a publicly traded corporation with its principal place of business located in Brentwood, Tennessee.

During the Class Period, Quorum common stock traded on the New York Stock Exchange under the ticker symbol "QHC."

Plaintiff alleges that, during the Class Period, Quorum's stock price was artificially inflated as a result of a series of untrue or materially misleading statements regarding Quorum's goodwill and long-lived assets.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated July 16, 2020 (the "Stipulation").

<u>**Discovery, Investigation, and Research Conducted by Class Counsel**</u>

Before agreeing to the Settlement, Class Counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Class; detailed reviews of Quorum's public filings, SEC filings, press releases, and other public statements; over 500,000 pages of documents produced by Defendants during discovery; over 25 depositions of witnesses; depositions of Plaintiff's and Defendants' experts; review of analyst reports, financial analysts, and industry analysts relating to Quorum; and research of the applicable law with respect to the Claims asserted in the complaints filed in the Action, and the potential defenses thereto.

Defendants filed their motions for summary judgment on January 31, 2020, and trial was scheduled to commence on July 10, 2020 before the Parties agreed to the Settlement.

<u>**Proposed Settlement**</u>

Class Counsel and Defendants' respective counsel participated in protracted negotiations with the assistance of the former federal judge Hon. Gary Feess (ret.). During these negotiations, the Parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the Parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all Claims of the Class against the Defendants, *i.e.,* the Stipulation, entered into on July 16, 2020. Class Counsel believes that the Claims asserted in the Action have merit and that the evidence developed to date in the Action supports the Claims asserted therein. Class Counsel asserts and believes the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Class Counsel, however, recognizes and acknowledges the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Class Counsel believes that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Class Counsel has determined that the Settlement is in the best interests of the Class.

<u>**The Release**</u>

In return for the payment of the Settlement Amount, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Released Plaintiffs' Claims as against each and all of the Defendants' Releasees, without costs to any Party except as provided herein, upon the Effective Date. Plaintiff and all Class Members, whether or not any such person or entity submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Defendants' Releasees from any and all of the Released Plaintiffs' Claims.

On the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### III.    <u>Proposed Plan of Allocation</u>

The $18,000,000.00 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's total "Recognized Losses" as compared to the total Recognized Losses of all Authorized Claimants. The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss per share shall be calculated as follows:

1.  **No claim will be recognized for Quorum common stock purchased or otherwise acquired prior to May 2, 2016.**

2.  **For Quorum common stock purchased or otherwise acquired on or between May 2, 2016 and August 10, 2016,**

    a.  if sold on or before August 10, 2016, the Recognized Loss per share is $0.00;

    b.  if held through August 10, 2016, the Recognized Loss per share is the lesser of:

        i.   $4.86; or

        ii.  the purchase price minus the sale price (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per share is $0.00; or

        iii. the purchase price (excluding all fees, taxes and commissions) minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

3.  **No claim will be recognized for Quorum common stock purchased on or after August 11, 2016.**

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 8/11/2016 | $5.03 | 9/12/2016 | $6.25 | 10/11/2016 | $6.26 |
| 8/12/2016 | $5.07 | 9/13/2016 | $6.26 | 10/12/2016 | $6.26 |
| 8/15/2016 | $5.34 | 9/14/2016 | $6.26 | 10/13/2016 | $6.25 |
| 8/16/2016 | $5.67 | 9/15/2016 | $6.26 | 10/14/2016 | $6.25 |
| 8/17/2016 | $5.92 | 9/16/2016 | $6.27 | 10/17/2016 | $6.24 |
| 8/18/2016 | $6.02 | 9/19/2016 | $6.30 | 10/18/2016 | $6.24 |
| 8/19/2016 | $6.04 | 9/20/2016 | $6.31 | 10/19/2016 | $6.23 |
| 8/22/2016 | $6.07 | 9/21/2016 | $6.32 | 10/20/2016 | $6.22 |
| 8/23/2016 | $6.10 | 9/22/2016 | $6.31 | 10/21/2016 | $6.22 |
| 8/24/2016 | $6.09 | 9/23/2016 | $6.31 | 10/24/2016 | $6.20 |
| 8/25/2016 | $6.08 | 9/26/2016 | $6.30 | 10/25/2016 | $6.18 |
| 8/26/2016 | $6.08 | 9/27/2016 | $6.30 | 10/26/2016 | $6.15 |
| 8/29/2016 | $6.08 | 9/28/2016 | $6.29 | 10/27/2016 | $6.12 |
| 8/30/2016 | $6.09 | 9/29/2016 | $6.29 | 10/28/2016 | $6.09 |
| 8/31/2016 | $6.09 | 9/30/2016 | $6.29 | 10/31/2016 | $6.05 |
| 9/1/2016 | $6.10 | 10/3/2016 | $6.29 | 11/1/2016 | $6.01 |
| 9/2/2016 | $6.10 | 10/4/2016 | $6.29 | 11/2/2016 | $5.98 |
| 9/6/2016 | $6.10 | 10/5/2016 | $6.28 | 11/3/2016 | $5.94 |
| 9/7/2016 | $6.15 | 10/6/2016 | $6.28 | 11/4/2016 | $5.91 |
| 9/8/2016 | $6.20 | 10/7/2016 | $6.28 | 11/7/2016 | $5.88 |
| 9/9/2016 | $6.23 | 10/10/2016 | $6.27 | 11/8/2016 | $5.86 |

AB0054 v.03

**General Provisions:**

1. There shall be no Recognized Loss attributed to any Quorum securities other than common stock.

2. The date of a purchase or sale of Quorum common stock is the "trade" date, and not the "settlement" date.

3. An Authorized Claimant's total Recognized Losses under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts for all of the shares of Quorum common stock.

4. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

5. The date of covering a "short sale" is deemed to be the date of purchase of Quorum common stock and the date of a "short sale" is deemed to be the date of sale of Quorum common stock. Under the Plan of Allocation, the Recognized Loss amount on "short sales" is zero.

6. No cash payment will be made on a claim where the potential distribution amount is less than $20.00. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

7. The Court has reserved jurisdiction to allow, disallow, or adjust the Claim of any Class Member on equitable grounds.

8. No person shall have any claim against Class Counsel, the Claims Administrator or other agent designated by Class Counsel, or any Defendant or any Defendant's counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9. Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds. Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

### IV.    Requesting Exclusion from the Class

**If you are a member of the class, you may be eligible to share in the benefits of this settlement and will be bound by its terms unless you exclude yourself from the class.**

Each Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member mails, by first-class mail, sufficient postage prepaid, a written request for exclusion from the Class, **received no later than November 13, 2020,** addressed to the Claims Administrator at: *Quorum Health Securities Litigation,* EXCLUSIONS, P.O. Box 3230, Portland, OR 97208-3230. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Rao v. Quorum Health Corporation, et al.,* No. 3:16-cv-02475"; (iii) state the number of shares of Quorum common stock that the person or entity requesting exclusion purchased/acquired between May 2, 2016 and November 8, 2016, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of shares of Quorum common stock that the person or entity requesting exclusion sold between May 2, 2016 and November 8, 2016, inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email, or fax.**

**If a person or entity who is a Class Member duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Class Members who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

AB0055 v.03

5

### V.    Statement of Attorneys' Fees and Costs Sought

Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest. Class Counsel intends to share part of any attorneys' fees awarded by the Court with Bramlett Law Offices, The Schall Law Firm, and Holzer & Holzer, LLC in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $2,000,000.00, plus interest. Class Counsel believes its intended fee request to be fair and reasonable. Class Counsel has litigated this case on a wholly contingent basis and has received no compensation during the period the case has been pending. Class Counsel expended considerable time and expense during the Action. Had the case not been successful, Class Counsel would have sustained a considerable financial loss.

In addition, Class Counsel intends to apply to the Court on behalf of the Court appointed Class Representative for reimbursement of its reasonable time, costs, and expenses, directly relating to its representation of the Class. Class Counsel will seek no more than $35,000.00 for the Class Representative.

### VI.    The Settlement Fairness Hearing

The Settlement Fairness Hearing shall be held before Honorable Waverly D. Crenshaw Jr. on November 30, 2020, at 9:30 a.m., in Courtroom A859 of the United States District Court for the Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203, to determine: (1) whether the Settlement of the Class's Claims against Defendants for $18,000,000.00, should be approved as fair, just, reasonable, and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the Class Representative should be granted a compensatory award; and (5) whether the Action should be dismissed with prejudice as set forth in the Stipulation filed with the Court.

***The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for the reimbursement of the reasonable costs and expenses of the Class Representative, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, no later than November 13, 2020, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Attn: Michael J. Wernke | Gary Orseck |
| POMERANTZ, LLP | ROBBINS RUSSELL ENGLERT ORSECK |
| 600 Third Avenue | UNTEREINER & SAUBER LLP |
| New York, NY 10016 | 2000 K Street NW, 4th Floor |
| | Washington, DC 20006 |
| | **and** |
| | Jessica P. Corley |
| | KING & SPALDING LLP |
| | 1180 Peachtree Street, NE |
| | Suite 1600 |
| | Atlanta, GA 30309 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Class Representative will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

AB0056 v.03

All Members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

### VII.    Proof of Claim and Release Form

***To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice, or available online at www.QuorumHealthSecuritiesLitigation.com. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim**.

The Proof of Claim (1) **must** be completed in accordance with the instructions on the Proof of Claim, (2) **must** enclose all documentation required by the instructions, and (3) **must** be submitted to the Claims Administrator **online at www.QuorumHealthSecuritiesLitigation.com, or postmarked, if mailed on or before November 23, 2020** at the following address:

*Quorum Health Securities Litigation*
P.O. Box 3230
Portland, OR 97208-3230
Tel.: 1-866-977-0746
www.QuorumHealthSecuritiesLitigation.com

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as defined in Section II, Subsection F, above, by all Members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Class Member and the allowable amount of the Claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your Claim.**

### VIII.    Special Notice to Brokers and Other Nominees

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") that, during the Class Period, purchased, otherwise acquired, or sold Quorum common stock, CUSIP # 74909E106, in the name of the Nominees on behalf of beneficial owners of such securities that may be Class Members, are requested to provide the Claims Administrator with the name and last known address of each such person or entity for whom the Nominee executed such transactions. The Claims Administrator will then cause the Notice and the Proof of Claim to be mailed promptly to said beneficial owners. Alternatively, Nominees may download copies of the Proof of Claim online at www.QuorumHealthSecuritiesLitigation.com or request additional copies of this Notice and the Proof of Claim from the Claims Administrator, in which case the Nominees are required to promptly forward the Notice and the Proof of Claim directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be.

## IX.    __Further Information__

This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. These papers may be inspected at the Office of the Clerk of the United States District Court for Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203. If you have any questions regarding the information contained in this Notice, you may contact Class Counsel in writing at the addresses specified in Section VI, above.

You may also visit the Claims Administrator's website at www.QuorumHealthSecuritiesLitigation.com to find the Stipulation and/or download copies of the Notice and Proof of Claim. In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

*Quorum Health Securities Litigation*
P.O. Box 3230
Portland, OR 97208-3230
Tel.: 1-866-977-0746
info@QuorumHealthSecuritiesLitigation.com
www.QuorumHealthSecuritiesLitigation.com

**Inquiries should not be directed to the Court, the
Clerk's office, defendants, or defendants' counsel.**

Dated: August 14, 2020

By Order of the Court
United States District Court
Middle District of Tennessee

AB0058 v.03